# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LARRY M. ERVANS,** *pro se,*

   **Plaintiff,**

**v.**                                          **Case No.  8:13-cv-222-T-30TGW**

**HOWARD DUNN and CITY OF VENICE,
DEPARTMENT OF POLICE,**

   **Defendants.**
_____/

## ORDER

        THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 5). The Court, having reviewed the complaint, motion to dismiss, and being otherwise advised in the premises, concludes that the motion should be granted without prejudice to Plaintiff to amend.

        Plaintiff Larry M. Ervans is proceeding in this case *pro se*.  As Defendants point out in their motion to dismiss, Plaintiff's complaint does not expressly indicate a cause of action. The complaint largely consists of Plaintiff's stream of consciousness thoughts related to Defendant Detective Howard Dunn's investigation and unfair treatment of Plaintiff, which ultimately resulted in Plaintiff being charged with theft of personal identity.  The complaint does not allege the basis for the Court's jurisdiction.  And the complaint is too vague to allow the Court to even discern the basis for jurisdiction.  Accordingly, the Court will allow Plaintiff to amend his complaint to properly allege the basis for the Court's jurisdiction.  The complaint should also identify the causes of action (i.e., the legal claims that entitle Plaintiff to relief under the law) and clearly state facts in support of each cause of action.

Rule 8 of the Federal Rules of Civil Procedure is instructive on the issue of pleading. Rule 8 states, in relevant part, that:

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Importantly, Plaintiff's *pro se* status does not relieve him from following the Federal Rules of Civil Procedure.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 5) is GRANTED.

2. Plaintiff's complaint is dismissed without prejudice. Plaintiff has twenty (20) days from the date of this Order to amend his complaint; if Plaintiff fails to amend his complaint during this time, the Court may close this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-CV-222.mtdismiss5.frm